## HAZARD, ADMINISTRATOR, v. FRANKLIN, GARNISHEE.

1. A garnishment may be levied on effects in the hands of a trustee of a deed, and, if the deed is void in law, the money or effects will be subjected to the payment of the debt.
2. A garnishment relates to the present time, and money or effects acquired afterwards, cannot be subjected to the payment of the debt.
3. A trustee will be protected so far as he has *bona fide* disposed of the trust property under the deed, before service of the garnishment, and may retain for a debt due himself.
4. A joinder in issue upon the truth of the answer of a garnishee, is a waiver of any previous irregularity.

Error to the Circuit Court of Mobile.

THIS was a suit, commenced by attachment, by John B. Hazard, against one Daniel Stowe, in which the defendant in error was summoned as garnishee. On the 5th April, 1838, the garnishee appeared and made his answer in writing; in which he stated that he was the trustee in a deed of trust, executed by Stowe for the benefit of his creditors; that he had received property and money to a considerable amount, which he had disposed of as directed by the deed; and then had in his hands eight hundred and fifty dollars. He also stated, that a bill in Chancery had been filed, by which he was enjoined from paying any thing on account of the deed.

The cause remained on the docket without any step to obtain judgment against the garnishee, during which time there were some discontinuances, until the Fall Term, 1835, when the plaintiff's death was suggested, and a notice directed to issue to the garnishee, to show cause why judgment should not be entered against him on his answer. The cause was continued until the Fall Term, 1838, when a judgment was entered against the defendant on his answer, for eight hundred and fifty dollars; which judgment, on his motion, was set aside, and leave given to file an additional answer. The defendant having filed his additional answer at the next Term of the Court, denying any indebtedness, the plaintiff made affidavit, as re-

quired by the statute, denying the answer; whereupon an is-
sue was formed to try the truth of the answer, and the jury
having found for the defendant, he was discharged by the
Court.

From a bill of exceptions found in the record, it appears an
attempt was made to charge the garnishee, because, at the
time of the summons of garnishment, and since, he had assets
in his hands as trustee. The Court charged the jury, that the
only issue to be tried on the controverted answer of the garni-
shee, was whether he was indebted to the defendant in attach-
ment, due, or to come due, or had effects of the defendant in
his hands; and that no question as to the validity of the as-
signment, could be tried in this proceeding. That if the jury
believed the garnishee held the assets as trustee merely, under
the deed, such fact would not authorise a judgment against the
garnishee.

The plaintiff now assigns for error—

1. The ordering a new notice to the defendant.

2. Because judgment was not then rendered against the gar-
nishee.

3. Setting aside judgment against garnishee.

4. Giving leave to file additional answer.

5. In charging the jury, as set out in the bill of exceptions.

ADAMS, for plaintiff in error, cited 2d Roote's Rep. 528.

STEWART, contra, 11th Wendell, 187.

ORMOND, J.—The counsel for the defendant in error
maintains that the deed of trust, under which the property
sought to be reached by this garnishment, was held by the gar-
nishee, cannot be impeached collaterally, and can only be de-
clared void in a direct proceeding, having that for its object.
It is the practice of every day, to try the validity of a deed by
levying an execution on the property conveyed by it; and we
can perceive no reason why the same object should not be ac-
complished by a garnishment. But the precise point has been
determined by this Court in the case of Richards vs. Hazard,
1 Stew. & Por. 189, in which the question arose on the same
deed now relied on.

Hazard sued out an attachment against Stowe, and caused it to be levied on effects in the hands of Richards; who answered and stated, that he had received notice that the property in his hands had been conveyed by a deed of trust by Stowe to Franklin. The Circuit Court gave judgment against the garnishee, declaring the deed void, because it did not provide for the payment of all the creditors, and contained a resulting trust to the grantor. This Court affirmed the judgment.

In this case, the deed is set out in the first answer of the garnishee, and as it is void in law for matter appearing on its face, it could afford no protection to the garnishee for the effects in his hands at the time of the garnishment. The Court therefore erred in instructing the jury, that "no question as to the validity of the assignment, could be tried in this proceeding; and that, if the garnishee held the assets as a trustee merely under the deed, such fact would not authorise a judgment against him."

So far as the trustee had *bona fide* disposed of the assets under the deed, previous to the service of the garnishment, he would doubtless be protected; so also, would he be permitted to retain for a debt due himself; but beyond these, the deed would not protect the effects of Stowe, in his hands, against the claims of his creditors.

The assignments of error bring to our notice the proceedings in the cause anterior to the issue joined between the parties, which we decline the examination of; because we think the joinder in issue a waiver of any previous irregularity, if any existed; but, as the cause must be remanded, it is proper to say, that it was entirely within the discretion of the Court to permit an additional or amended answer to be filed, to receive such weight as it is entitled to from the Court or jury, when called on to pass upon it.

From the evidence offered, and the instructions asked for in the Court below, it appears to have been supposed that the garnishee could be subjected on account of assets, which had come to his hands since the service of garnishment. The garnishment relates to the time of its service, and money or effects acquired afterwards, cannot be subjected. So in this case, if the notes recited in the first answer, were afterwards collected

by the garnishee, no judgment could be rendered for such amount on this garnishment, nor could the notes themselves being mere *choses* in action, be condemned. See the Branch Bank at Mobile vs. Poe, 1 Ala. Rep. N. S. 396, where this point was thus ruled.

We have not thought proper to enquire, whether the pendency of a suit in Chancery, as recited in the first answer of the garnishee, to subject the trust property to the payment of other debts, should exert any influence over this cause; because no question relating thereto, was raised in this Court, or, so far as we are informed by the record, in the Court below.

For the error of the Court below, in its charge to the jury, the judgment must be reversed, and the cause remanded.