## LOVE v. THE EX'RS OF SIMMONS.

1. A stipulation in a promissory note, that it may be discharged in cotton of a fair quality, at seven cents per pound, delivered at a a particular place, is for the benefit of a defendant, and he must show that he delivered, or offered to deliver it in payment of the note.

Error to the County Court of Autauga.

DEBT, by defendants in error, against plaintiff in error, on the following instrument:

15

$1,766.   On or before the 1st January, 1845, I promise to pay 'S. S. Simmons, or bearer, the sum of seventeen hundred and sixty-six dollars, which may be liquidated in cotton of a fair quality, at seven cents per lb., for value received; to be delivered at Gaston landing, on the Alabama river,   13 Dec. 1842.                                                    E. LOVE.

The declaration is in the usual form, as upon a money demand.

The defendant pleaded—1. *Non detinet*.   2. That they delivered twenty bags of cotton to the plaintiffs, which were accepted, in full payment and discharge of the debt.   3. That the note sued upon was given in part payment of a tract of land, and avers that there was no note, or other evidence in writing of the contract, but that the same was by parol.

Issue was taken on the two first pleas, but no replication appears in the record to the second.

Upon the trial, the defendant proved, that a few days previous to 1st January, 1845, Adison C. Love, the agent of defendant, sent for one of the plaintiffs, to examine some cotton and say whether it was of such a quality as would be satisfactory to him.   That he went, and upon examination expressed himself satisfied with it, agreed to receive it, and waived its delivery on the 1st January, 1845.   That if it was inconvenient for the agent to haul the cotton, at that time, he would let him know when he wanted to ship it, and he must then deliver it, at the landing, and in the mean time it would be at the risk of the agent.

The plaintiffs proved, that after this, the agent of defendant sent the cotton to Mobile, and sold it, applying the proceeds to his own account, and that of defendant.   The defendant objected to this testimony on the ground, that the actings and doings of the agent after the delivery of the cotton, were unauthorized by the defendant, and he was not therefore bound by his acts; also, because it was irrelevant, which was overruled by the court.

The plaintiffs also offered in evidence, the agreement between their testator and the defendant, for the sale of a tract of land, reciting among other notes, the one in suit, and giving to the defendant the privilege of discharging them in cotton at seven cents per lb., during the fall months, upon the

Alabama river. This was objected to, on the ground, that by the agreement to receive the cotton, after the 1st January, 1835, the plaintiffs had waived their right to demand payment in money, after that time; which was overruled, and the defendant excepted.

These, with other matters, are now assigned as error.

T. WILLIAMS and ELMORE, for plaintiff in error.
STORRS, contra.

ORMOND, J.—No question arises upon the pleadings, as no demurrer was interposed. The omission of the defendant to reply to the third plea, cannot be taken advantage of by him.

The evidence adduced by the plaintiffs, that the agent of the defendant had shipped the cotton to Mobile, and sold it for account of himself, and the defendant, was not irrelevant, though wholly unnecessary, as the defendant had not proved that the cotton was delivered, or offered to be delivered, to the plaintiffs. The conversation between the defendant's agent and one of the plaintiffs, merely amounts to a waiver of the delivery of the cotton on the first January, 1845. The right to discharge the contract in cotton, was for the benefit of the defendant, and he must show that he delivered, or offered to deliver it in payment of the note. The evidence of the plaintiffs shows that the agent of the defendant sold it, and applied the proceeds to his own use, and that of defendant. Although this proof was unnecessary, on the part of the plaintiffs, it shows the utter want of merit in the defence.

There was no impropriety in the introduction of the original contract, for the sale of the land, which seems to have been offered under the third plea, denying that there was any written evidence of the sale.

Let the judgment be affirmed.