## HALL *vs.* MAGEE & REID.

[ANCILLARY ATTACHMENT AND GARNISHMENT.]

1. *Garnishees discharged on answer.*—Garnishees answered, that the defendant in attachment, being indebted to their firm in the sum of $2,000, agreed to serve them as bookkeeper for the year, at a salary of $1,500, payable monthly; that he was to receive in money only enough to pay the necessary expenses of his family, and the balance of his salary was to be applied to the liquidation of his said debt; and that they had paid him about $500, which was a reasonable sum, for his family expenses: *Held*, that no judgment could be rendered against the garnishees on this answer, either under the Code (§ 2517) or under the act of 1854 (Acts 1853-4, p. 26, § 4).

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THE appellant, having recovered a judgment against Augustus L. McCoy, for $300, summoned the appellees by process of garnishment as his debtors. The garnishees appeared, and filed the following answer: " That said McCoy has been in the employ of Magee & Reid, as bookkeeper, for some time past, at a salary of $1,500, payable monthly. At the beginning of the year (last November), said McCoy had overdrawn his account, and had become indebted to said Magee & Reid in the sum of $2,005 26, or thereabouts; and they had also become liable, previous to said 1st November, 1853, for ac-

counts and claims against said McCoy, to the amount of about $500. Said Magee & Reid then agreed, on said 1st November, with said McCoy, that if he would serve them faithfully as bookkeeper, for one year from that day, they would allow him at the rate of $1,500 a year, payable monthly ; provided that said McCoy should receive from it in money only enough to pay the necessary expenses of his family, which consisted of himself, his wife, and four children, and all the remainder of his salary should be applied, as it became due and payable, towards the reduction of the amount of his said indebtedness to them, and towards the payment of the accounts for which they had become responsible for him as aforesaid. Since that time, said garnishees have paid for said McCoy, upon the said accounts for which they had become responsible, the sum of $323 53, and are still responsible for $201 78. Said McCoy has been acting as bookkeeper for garnishees, under said contract, from the 1st November, 1853, to the present time ; but they are advised and believe, that in case of the sickness or death of said McCoy, or in case of his any time failing or refusing to continue to perform his duties under said contract, their liability under said contract would cease and determine. Said garnishees have paid said McCoy, for the necessary expenses of himself and family, since the 2d day of December last, the sum of $502 38, which they consider a moderate sum for the expenditures of such a family, in this city, for that length of time ; and they are satisfied, that if they had at any time stopped paying for the necessary expenditures of said McCoy's family, he would have ceased at once to labor in their employ, and in case of their ceasing to pay for such necessary expenses at any time hereafter, said McCoy would immediately cease to labor in their employ. Said Magee & Reid have no property or effects of said McCoy," &c.

On this answer, the court discharged the garnishees, and its judgment is now assigned for error.

CHARLES P. ROBINSON, for appellant.

P. HAMILTON, *contra.*

GOLDTHWAITE, J.—The answer discloses that McCoy was indebted to the garnishees more than two thousand

dollars, and agreed to serve them as bookkeeper for the year, to be allowed for his services fifteen hundred dollars, payable monthly; that he was to receive in money only enough to pay the necessary expenses of his family, and the residue of his salary was to be applied to the liquidation of the debt owing by him to the garnishees. This being the contract between the parties, the understanding must have been, of course, that the amount to be paid to McCoy in money was not to be affected by his indebtedness to the garnishees; and as the parties had a perfect right to make such a contract, it would necessarily follow, that if a suit had been brought by McCoy, to recover the amount which by the terms of the agreement he was to receive in money, the garnishees could not, under such circumstances, oppose his debt to them as a set-off.

But the difficulty in the present case arises from the fact, that McCoy was to receive in money such an amount only as was necessary to pay the expenses of his family, and the payment could only have been enforced in an action on the agreement itself; for the amount is uncertain, and the assumpsit of a character which the law would not imply. We have frequently held, that the remedy by garnishment did not extend to such cases—that only those demands were within its reach, which could be recovered by debt, or *indebitatus* assumpsit.— Self v. Kirkland, 24 Ala. 275; Cook v. Walthall, 20 *ib.* 334; Bostwick v. Beach, 18 *ib.* 80; McGehee v. Walke, 11 *ib.* 273. And the principle of these decisions is not affected by the Code (§ 2517), which, while it authorizes the application of the remedy to a debt which is not due, does not in any respect change the character of the demand which is the subject of garnishment. Whether due or not, it must be sufficiently certain to have authorized the party to whom it was due to maintain the actions we have mentioned.

Neither is the case affected by the 4th section of the act of 18th February, 1854, (Acts 1853–4, 26,) which does not make the salary, or wages, in every case the subject of garnishment, but simply exempts a certain portion of the salary in those cases in which it could be reached by this remedy.

As the demand which would have been owing by the garnishees at the time of their answer, was not in itself subject

to garnishment, the fact that it was paid by them can make no difference. If, indeed, at any time before the answer, the contract had been changed, so that the garnishees, if they had not paid, would have been liable either in debt or *indebitatus* assumpsit, the case might have been different, but there was no such change.

Judgment affirmed.