[Alexander v. Pollock & Co.]

# Alexander *v.* Pollock & Co.

*Garnishment on Judgment.*

72  137
102  652
72  137
111  537
72  137
124  414

1.  *What demands may be reached by garnishment.*—The principle is well settled, that only such debts, or money demands, can be reached by garnishment, as the defendant himself might recover by action of debt, or *indebitatus assumpsit,* in his own name; and when the defendant has no such cause of action, the plaintiff in the process can assert no better right, unless he can show some fraud or collusion, by which his legal rights are prejudiced.

2.  *Same.*—Where the garnishees answer, that the defendant is in their employ as a clerk, at an agreed compensation of $25 per week, payable in advance, and so paid at the beginning of each week, each party reserving the privilege of terminating the contract at any time without cause, there is no liability which can be reached by the garnishment; and the fact that this contract was made, on the service of the garnishment, with the intent, on the part of the debtor, to defeat the garnishment proceedings, does not render the garnishees liable, when it does not appear that they participated in his fraudulent intent, and he refused to continue in their employment under the former contract between them, by which his wages were payable monthly in advance.

APPEAL from the City Court of Mobile.
Tried before the Hon. O. J. SEMMES.

The appellant in this case obtained a judgment in said City Court, during its April term, 1881, against Lawrence McGetrick, for $683.10; and sued out a garnishment against J. Pollock & Co., a mercantile partnership, as the debtors of said McGetrick, which was served on them on the 26th May, 1881. One of the garnishees appeared, and answered in the name of the partnership; alleging that they were not indebted to said McGetrick, either at the service of the garnishment, or at the time of filing their answer, and would not be indebted to him at any future time, by virtue of any contract existing between them; but stating, also, that McGetrick was in their employment, at the time of the service of the garnishment, "by the month, he having the right to quit at the end of any month, and they having the right to discharge him at the end of any month, without cause;" and that on the 1st June, 1881, they made a contract with said McGetrick, by the terms of which they "were to pay him $25 per week for his services, in advance, which has been done, each party having the right to terminate the contract at any time." The answer was filed on the 5th July, 1881, and was not contested; but the garnishees were required,

[Alexander v. Pollock & Co.]

on motion of the plaintiff, to answer orally in open court, and they so answered during the July term of the court, 1882. The following are the material portions of the oral answer: "Pollock & Co. have paid said McGetrick his wages regularly, since the service of said garnishment, according to contract made with him on 1st June, 1881. He has never been discharged, but has been constantly in our employment since the service of the garnishment. The original agreement of employment, under which he was working when the garnishment was served, was dissolved on the 31st May, 1881; and we then agreed to pay him $25 per week in advance for his services. The contract was put in writing on that day, and we then paid him for one week's services in advance, before the work was performed; and we have paid him his salary, under that contract, up to the present time, and now owe him nothing. Said contract of June 1st was made with the intention of defeating this garnishment, as he refused to work unless such a contract was entered into."

The written contract, which was produced, and signed by both parties, was in these words: "Whereas L. McGetrick has heretofore been employed by J. Pollock & Co. as a salesman, by the month, with the privilege of quitting said business at any time at the end of any month; and whereas, on the 31st May, 1881, he did notify said J. Pollock & Co. that he would not continue any longer as salesman for them, which was assented to by them; and whereas, on this 1st June, 1881, it is agreed by and between said McGetrick and J. Pollock & Co. that they employ said McGetrick, from this day, by the week, and are to pay him, in advance, the sum of $25 per week; which sum of money, for one week from this date, has been paid. And it is further agreed by and between the said parties, that said McGetrick is at liberty to quit said employment at the end of any week, and the said Pollock & Co. may discharge him at any time they think proper to do so."

This being all the evidence, the court discharged the garnishees; to which ruling and judgment the plaintiff duly excepted, and he now assigns it as error.

ANDERSON & BOND, for appellant, contended that the contract between the garnishees and McGetrick was not, in legal effect, a contract for his employment only one week, or from week to week, but contemplated a continuous and permanent employment, for at least one year; that this was the practical construction which the parties themselves had placed on the contract; that the admitted "fraudulent intent" in the making of the contract showed it was a mere device or subterfuge which the law would not sanction; and that the garnishees, not

being discharged until the final judgment in their favor, were liable for the moneys paid by them to McGetrick in the meantime, to the amount due on the plaintiff's judgment. They cited Story on Contracts, 3d ed., § 962; 3 T. R. 76; 2 T. R. 453; 3 Car. & P. 609; *Railroad Co. v. Whitney*, 39 Ala. 468; *Leslie v. Merrill*, 58 Ala. 322; Drake on Attachments, §§ 587, 606; 7 Barn. & Cr. 562; 8 Dow. & Ry. 336; *Camp v. Clark*, 14 Vermont, 387; *Bibb v. Smith*, 1 Dana, 580; *Greene v. Doughty*, 6 N. H. 572; *Enos v. Tuttle*, 3 Conn. 27; *Price v. Bradford*, 4 La. 35.

FAITH & CLOUD, *contra.*—There never was a debt due from the garnishees to McGetrick, for which he could have maintained an action of debt, or *indebitatus assumpsit*, against them; and this is the test of the garnishee's liability.—*Roby v. Labuzan*, 21 Ala. 60; *Powell v. Sammons & Dotes*, 31 Ala. 552; *Nesbitt v. Ware*, 30 Ala. 68; *Hall v. Magee & Reid*, 27 Ala. 414; *Lightfoot v. Rupert*, 38 Ala. 666. The answer of the garnishees denied any indebtedness, and it was not contested; and this, of itself, entitled them to a discharge. But a creditor, even when his claim has been reduced to judgment, has no lien or claim on the future wages or earnings of his debtor; and there is no statute, nor any principle of public policy, which forbids that the debtor should require payment in advance for any labor he may perform, or any personal services he may render. The payment of honest debts is a duty, which the law recognizes and enforces; but the support and maintenance of his family by the debtor is a duty of at least equal obligation, and is enjoined by the highest principles of civil as well as natural law.

SOMERVILLE, J.—It has long been, and is now, the settled doctrine in this State, that only such moneyed demands can be subjected to garnishment, as the defendant can in his own name recover in an action of debt, or *indebitatus assumpsit.—Jones' Adm'r v. Crews*, 64 Ala. 368; 1 Brick. Dig. p. 175, § 314.

It is obviously true, that an attaching or garnishing creditor can not, through the levy of his process, acquire any higher or better rights to the debt or assets attached, than the defendant had when the garnishment or attachment was served; unless he can show some fraud or collusion, by which his just and legal rights are prejudiced.—Drake on Attach. § 223.

The application of these principles proves fatal to the appellant's right of recovery. The contract between Pollock & Co., the garnishees, and the defendant, McGetrick, was, that the defendant would serve them as a salesman, in their business, upon the following terms and conditions: They were to pay

him twenty-five dollars per week *in advance*, so long as he might continue in their employment. Each party had the right to terminate the contract at any time, the garnishees reserving the right to discharge McGetrick within their discretion, with or without cause, and he having the like privilege of abandoning their employment whenever he saw fit. It is shown that he continued in the employment of the garnishees, under this arrangement, for more than a year; during which period of time they punctually paid him his weekly wages of twenty-five dollars in advance; and they answered that they owed nothing at the time of the trial. The court discharged the garnishees, on motion; and it is insisted that this was error.

The test of the correctness of the ruling is simple. Could the defendant, under the contract, have recovered anything from his employers, Pollock & Co., at any time within the period covered by the garnishment proceedings? Could he have ever successfully sued Pollock & Co. in debt, or *indebitatus assumpsit?* It is manifest that he could not. The contract was for no definite time. Either party had the right to annul or abandon it at any time. The contract price of each week's labor was paid in advance. Suppose the defendant had gone, at the beginning of business hours on any Monday morning, and tendered his services, at the same time demanding his week's wages in advance; the garnishees might have *refused to pay, and it would constitute no breach of the contract;* because it could, at most, be construed only as a refusal to employ, and this right they possessed. The power of discharge at any time would necessarily involve the power to refuse doing anything which would operate as a continuance of the employee in service. No action could possibly lie on such an alleged breach. So, it is equally clear, that no action would lie by the defendant, McGetrick, for the services of any given week, after he had been paid for such services in advance. The plea of payment would be a full defense.

We can not see that the garnishees should be held liable, because the defendant was induced, of his own volition, to abandon the first contract of employment at the end of the month of May, and entered into a new one with intention to defeat the garnishment proceedings. What would have been the effect, if the garnishees had aided, or participated in the design, by voluntary collusion, we need not decide; for it appears that the defendant refused to continue the duties of his employment, unless the new arrangement was made. He had a right to dissolve the original contract, at the end of any month, by its express terms; and this he did, without the advice, encouragement, or collusion of his employers, so far as the record discloses. *Teeter v. Williams*, 3 B. Mon. (Ky.) 562, was a case

[Alexander v. Pollock & Co.]

strikingly similar to this in principle. The court held the new arrangement valid, although appearing to have been made for the purpose of protecting the defendant's subsequent earnings from being subjected by the attachment.

It is true that the statute only exempts the sum of twenty-five dollars per month of the wages, salary, or compensation of laborers, or employees for personal service, and all sums above this are liable to garnishment.—Code of 1876, § 2823. But the sum garnished must appear to have been actually due at the time of making the answer, or else that it will become due in the future by a valid contract then existing.—Code, § 3269; *Jones v. Crews*, 64 Ala. 368. If the proceeds of a debtor's labor are invested in property, not exempt, it would, of course, be liable to execution.—*Patterson v. Campbell*, 9 Ala. 933. So, it is plain, that he can not make an assignment of his future earnings, accruing under an existing contract, for the purpose of preventing them from being subjected by garnishment, or trustee process.—*Gragg v. Martin*, 12 Allen (Mass.), 498. But, at the same time, creditors have no power to compel a debtor to complete his contract for personal labor or services; and it has been held, that if he labor without compensation, or give his labor away to another, his creditors can not charge the donee who receives the benefit.—*Hoot v. Sorrel*, 11 Ala. 386; *Hodges v. Cobb*, 8 Rich. (S. C.) 50. The law has great regard for the high moral duty resting upon the debtor, to provide a maintenance and support for both himself and family, at least to the extent of necessary wants; and it may often be the case, that his only resource available for this purpose must be the wages of his labor. Hence, conclusions of fraud will not be too readily drawn, in construing contracts made to effectuate this purpose.—Bump on Fraud. Conv. (2d Ed.) pp. 244–45; *Leslie v. Joyner*, 2 Head (Tenn.), 514; *Hall v. Magee*, 27 Ala. 414.

The contract in question being free from legal objection as rightfully made, its terms and conditions can not be interfered with, interrupted, or changed in any manner, through operation of the garnishment proceedings. This is not the scope or function of such process. In the absence of fraud, it can act only on the legal rights of the defendant, as they exist under, and are fixed by his contract with the garnishees.—Drake on Attach. § 594; *Swisher v. Fitch*, 1 Sm. & Marsh. 541; *White v. Richardson*, 12 New Hamp. 93; *Hall v. Magee*, 27 Ala. 414.

The judgment of the City Court must be affirmed.