# Gray v. Perry Hardware Co.

*Garnishment on Judgment ; Contest of Garnishee's Answer.*

1. *Garnishment; when a part of salary under contract of employment
for payment in advance, subject to writ.*—Where in a contract of em-
ployment for hire by the month, it is stipulated that the salary is to
be paid in advance, on the first day of each successive month the em-
ployé continues his services under such contract, his salary is due
and payable, and if any part of the salary remains uncollected,
though but for a day, it becomes a debt due from the employer to
employé, and is subject to garnishment at suit of a creditor of the
latter ; and the fact that the balance due was paid before the services
were rendered during the remainder of the month does not release
the garnishee from liability.

2. *Same ; admissibility of garnishee's books in evidence.*—In a garnish-
ment suit, where the answer of the garnishee, showing the employ-
ment by him of the defendant and reciting the payment in full of
the salary, is contested, and it is shown when the employment began
and evidence is introduced tending to show that garnishee's books
would disclose the payments made to the defendant. such books of
the garnishee, covering the entire time of defendant's services, are
admissible in evidence.

3. *Same; inadmissible evidence; failure of garnishee to answer inter-
rogatories calling for such evidence, no ground for judgment by default.*—
In a garnishment suit, where the plaintiff seeks to subject to his
claim the salary alleged to be due the defendant from the gar-
nishee, interrogatories propounded by plaintiff to the garnishee ask-

[Gray v. Perry Hardware Co.]

ing as to how many clerks, book-keepers and salesmen the garni-
shee employed and how and what salary he paid them, are not perti-
nent to the issue or matter in dispute between the parties, and the
failure of the garnishee to answer such interrogatories is no ground
for the rendition of judgment by default, as provided by statute
(Code, §§ 2819, 2820.)

4. *Same; plaintiff can not claim under, and at same time attack, a con-
tract of employment.*—Where in the contest of the answer of a garni-
shee, the plaintiff's right to recover is by enforcing a contract of em-
ployment of the defendant by the garnishee, as valid and sub-
sisting, he can not at the same time attack such contract for fraud be-
cause of its provision for payment of defendant's salary in advance.

APPEAL from the City Court of Birmingham.
Tried before the Hon W. W. WILKERSON.

The proceedings in this case were had upon a contest
of the answer of a garnishee, which was instituted by
Henry B. Gray the plaintiff, who had recovered a judg-
ment against J. B. Francis, contesting the answer of
the Perry Hardware Company, as garnishee, in response
to a writ of garnishment which was issued upon said
judgment.

Before proceeding with the trial the plaintiff moved
the court for a judgment by default against the gar-
nishee, for its having refused to answer the questions
propounded to it in subdivisions "b, c, d, e, f," of the
first interrogatory of the interrogatories propounded by
plaintiff to garnishee, and for refusing to answer the
second interrogatory. The subdivisions of the first in-
terrogatory were as follows: "(b.) How are your
clerks employed, if you have any? (c.) How many
clerks have you? (d.) How many book-keepers have
you? (e.) How many salesmen and drummers? (f.)
Who is your general manager, and what are his du-
ties?"

The second interrogatory was: "(a.) State how
and when your employés are paid for their services, in
money or otherwise? (b.) Who employed the serv-
ants or employés who work for you? (c.) What
amount of money per month was the company to pay
each of said employés when they were employed for their
services? (d.) Do you pay all of your employés a sal-
ary? (e.) Do you pay any of your employés a salary,
if yea, which? (f.) Are all of your employés working

for you on the same terms with the exception of a difference in the amount you pay each?''

The motion for the judgment by default was denied, and the plaintiff duly excepted. The facts of the case are sufficiently stated in the opinion.

Among the charges which were requested by the plaintiff, and to the refusal to give each of which the plaintiff separately excepted, was the following: ''(5.) It is for the jury to determine what the contract was between Perry Hardware Company and Francis from all the testimony in the case, and it is for the jury to determine whether or not, under all the testimony said contract was free from fraudulent collusion between Perry Hardware Company and Francis, and if you should find that such collusion existed then your verdict should be for the plaintiff.''

There were verdict and judgment for the garnishee. The plaintiff appeals, and among the errors assigned were the court's overruling the plaintiff's motion for a judgment by default, and the ruling of the court in refusing to give the several charges requested by the plaintiff and in giving the portion of the general charge excepted to, which is copied in the opinion.

W. K. TERRY, for appellant.—1. The contract was an entire, continuing, monthly contract. The contract was that Francis was to receive $115 per month, in advance, for his services. An entire act was to be performed by Francis, viz., a month's service, and a certain and fixed amount was to be paid by the garnishee, viz., $115 per month in advance. This constitutes a contract by the month. *Petty v. Gayle*, 25 Ala. 472; *Wolfe v. Parham*, 18 Ala. 449. 2. Parsons on Contracts, (5th ed.), p. 520.

2. A privilege was accorded Francis of drawing his wages, without consulting any one, in advance, each month, but he must not abuse that privilege, by drawing over that amoun·. Of course he might waive his right of drawing his whole salary on the 1st of the month, if he chose, and this whether the Perry Hardware Company said he might so do or not. He could have done so whether H. W. Perry said he might draw that way or not. He had a *right*, however, to draw the whole

salary, in advance, on the 1st of each month, but if he waived this *right* by failing to exercise it, the lien of the pending garnishment attached.—*Archer v. Peoples Savings Bank,* 88 Ala. 255. A contract to pay in advance cannot avail a garnishee when there is a garnishment pending, unless it is made in good faith and is free from collusion.—*Archer v. Peoples Savings Bank,* 88 Ala. 249.

E. K. CAMPBELL and HUGH MORROW, *contra.*—The appellant in this case contends that if Francis was paid $57.50 in advance for two weeks services to be rendered during the month of May, that garnishee paid said amount at his own risk, and is liable to appellant for the same. There is no evidence at all of a contract existing between garnishee and defendant by which defendant was to work by the month. Defendant must act first, and by his act of drawing his wages in advance, he determines the contract, and after the full performance of that contract by defendant he is at *liberty either to continue in service, by drawing further wages, or can quit or be discharged.* Now, after the two weeks performance of service in May defendant owed nothing to garnishee and *vice versa*; that contract was at an end. Could then defendant have entertained debt or *indebitatus assumpsit* for the remaining two weeks in May? Certainly not. There was no contract by implication, and the court below did not err when he charged the jury orally, "If payments preceded services, but made at at any time of the month, such payments cannot be subjected by the plaintiff to the payment of his debt.

COLEMAN, J.—The appellant, Gray, recovered a judgment against J. B. Francis, which judgment declared a waiver of exemptions. Upon this judgment the Perry Hardware Company was summoned on the 5th of April, 1895, as garnishee, and on the 24th day of June succeeding, filed its answer, setting up a state of facts, which if true entitled the garnishee to be discharged without liability. The plaintiff filed a contest to the answer in proper form, and the issue made up was submitted to a jury. The uncontroverted facts showed that Francis, the defendant debtor, had been in the service and employment of the garnishee under a parol agree-

ment from the first of February until after June, 1895, and at the time of the answer and contest, the garnishee had paid him in full for his services. Some of these payments were made after the service of the garnishment. The question presented is, whether under the terms of the contract of employment, the garnishee was authorized to pay Francis for his services, after the 5th of April, the date of service of summons to answer as garnishee. The court charged the jury that ''if payments preceded service, but made at any time of the month, such payments cannot be subjected by the plaintiff to the payment of his debt.'' Other charges were given, and certain charges refused, but do not require separate consideration; for if the court was not in error in giving the instruction set out, there was no error in its rulings upon instructions, either given or refused. To authorize the charge given, of necessity the court ascertained the terms of the contract and their legal effect.

The question is, whether there was such conflict in the evidence as to the terms of the contract that a jury would have been justified in finding the contract of employment to have been different in terms and legal effect from that ascertained by the court.. Mr. Francis testified as follows: ''I am at work for the Perry Hardware Company. I work by the month. My contract was from the first of one month until the first of the succeeding month. The Perry Hardware Company agreed to pay me for my services $115 per month in advance. I told him I could not work for the company unless it paid me in advance. Mr. Perry told me in making the contract that he would pay me $115 per month in advance; that I might draw for any length of time in advance so that I did not draw more than a month's salary. Nothing else was said. That contract was made on the 28th of January, 1895, to commence on the first of February. * * There was never any change in the terms of said contract. I have been working under said contract all the time.''

There was evidence tending to show that on the 1st of May, Francis was paid $7.50, and on the 2d of May, $50, and on the 15th of May, $57.50, and on the first of June, $50, and the remainder, later in June, but each payment when made was in advance of services to be

rendered, and at no time for services which had been rendered.

If the version of the contract given by Francis be true, it clearly shows a contract of employment by the month, and for no less period. Either party, at will, had the right to terminate the contract at the end of any month; but when a month's services began without dissent, neither party had the legal right, without some failure or default on the part of the other, to terminate the contract before the expiration of the month. At the beginning of each successive month, that Francis continued his services under the contract made on the 28th of January, 1895, which had never been changed, there was then due him for the month in advance $115. If demanded by him in advance, and there was no objection by the garnishee to his continuing the service, he could maintain assumpsit for the entire $115. If he entered upon the service of employment under the contract without demanding payment in full in advance, there was a binding obligation on the garnishee to pay in the future on demand, for which assumpsit could have been maintained. The fact that Francis might have refused to render further service after the 15th of May, or after the 15th of June and thereby violated his agreement to serve for the month, and forfeited his right to compensation for the entire month, in no way affects the terms of the contract. The fact is, he did render services for the entire month and the question is, did the garnishment lien attach upon the unpaid wages, agreed to be paid for each of those months. The garnishment was served on the 15th of April. The garnishee answered on the 24th of June. The issue was tried in November. If the terms of the contract were as testified to by Francis and payments were made as stated in May and June, there was due him an unpaid balance for each of those months, subject to the garnishment. These principles are fully recognized in the cases of *Hall v. Agee*, 27 Ala. 414, and *Alexander v. Pollock*, 72 Ala. 137.

In the case of *Archer v. People's Savings Bank*, 88 Ala. 249, 255, the salary was payable weekly in advance. It was held "that the privilege of collecting his salary in advance would be waived unless promptly claimed and exercised; and if waived for a single day, so as to create a debt due, the lien of a pending garnishment would at

[Gray v. Perry Hardware Co.]

once attach." If the employé had drawn in advance only one-half of the week's salary, there would have been left due the other half—the exact case at bar, upon the theory that Francis has correctly stated the terms of the contract.

It having been shown that Francis began his services on the first of February, and evidence having been introduced tending to show that the books would disclose the payments made to Francis, it was competent for the plaintiff to have the books in evidence, covering the entire time of his services. The court erred in sustaining an objection to the introduction of the books of the company as evidence except as to their contents on and after the 5th day of April. There was no error in the ruling of the court on plaintiff's motion for a judgment by default against the garnishee for refusing to answer subdivisions of interrogatory one. Some of these questions relate to matters irrelevant to any issue being tried. The same objection applies to portions of the second interrogatory.

The court did not err in refusing charge No. 5 requested by the plaintiff. We find no evidence which tends to implicate the Perry Hardware Company with complicity to defraud the creditors of Francis. There is no evidence to show, that in the making of the contract of employment, they had any knowledge of the pecuniary condition of Francis, or that he was indebted to any person. There is no evidence tending to show that Francis had a family, or that any persons were depending upon him for support and maintenance except himself. There is no data from which a jury could determine how much of his salary was actually necessary to support Francis or his family, if he had a family. But independent of all of this the plaintiff cannot proceed under the contract as valid and subsisting, and at the same time attack it for fraud. His right to recover is by enforcing the contract. His garnishment is to enforce a liability under the contract.

If the court proceeded upon the hypothesis, that the contract as stated by Francis was correct, it erred in its construction and legal effect in the charge given to the jury. If it adopted any other version of the contract, it invaded the province of the jury.

Reversed and remanded.