(81 South. 859)

## J. ZIMMERN'S CO. v. OBERHAUS.
### (1 Div. 279.)

(Court of Appeals of Alabama.   April 8, 1919.)

1. GARNISHMENT ⬦130—SET-OFF.

The garnishee is not liable to the plaintiff when his answer shows that during the period of garnishment there was a balance due the garnishee which he might offset against the defendant's claim; the plaintiff being entitled to recover against the garnishee only what the defendant might recover in action of debt, etc.

2. GARNISHMENT ⬦130—SET-OFF.

Where employer of defendant was garnished, and defendant was indebted to his employer in an amount in excess of sums paid him during period between service of writ and answer, held, in view of fact that defendant threatened to quit service if he did not receive salary, indebtedness due employer, garnishee, cannot be treated as amount which it was entitled to offset against defendant's claim, and thus escape liability to plaintiff.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by A. Z. Oberhaus against Sam Brawley, in which the J. Zimmern's Company was garnished. From a judgment of the inferior civil court of Mobile, the garnishee appealed, and from a judgment of the circuit court the garnishee again appeals.  Affirmed.

Gregory L. & H. H. Smith, of Mobile, for appellant.

Inge & Kilborn, of Mobile, for appellee.

BRICKEN, J.   In the inferior civil court of Mobile, suit was instituted against Sam Brawley by A. Z. Oberhaus to recover the sum of $33, and a writ of garnishment in that suit was served upon the appellant on June 2, 1917.  On June 29, 1917, judgment for $39.10 was rendered against the garnishee upon his oral answer, and from this judgment an appeal was taken by the garnishee to the circuit court of Mobile county, where, on October 13, 1917, judgment for $20 was rendered against the garnishee on his oral answer.

From the evidence set out in the record it appears that Brawley was employed by appellant by the week at a salary of $12 per week, for the period of time extending from June 29, 1917, the day of making the oral answer by appellant in the inferior court. The garnishment was served on Saturday, June 2, 1917, and Friday, June 8th, was the termination of the first week's employment after the service of the garnishment.   On June 8th, and every week thereafter, except one, when Brawley was paid $12, appellant paid Brawley $10, and withheld $2 to be applied to Brawley's indebtedness.   At the time of the service of the writ of garnishment Brawley was indebted to appellant in the sum of $64.   The first week Brawley's wages were garnished appellant proposed to pay him nothing, and to credit his account with the amount of $12, which Brawley earned that week.   To this Brawley objected, and threatened to quit appellant's service, whereupon appellant paid Brawley $10 at the end of that week and each succeeding week until the time of making his oral answer in the inferior court.

[1] It is conceded to be the law that the garnishee is not liable to the plaintiff when his answer shows that during the period of the garnishment there is a balance due the garnishee which he can offset against defendant's claim. The plaintiff, as against the garnishee, may recover only what the defendant might recover against him in an action of debt or indebitatus assumpsit. Alexander v. Pollock, 72 Ala. 137; Jefferson County Savings Bank v. Nathan, 138 Ala. 342, 35 South. 355; Garrett v. Mayfield Woolen Mills, 153 Ala. 602, 44 South. 1026.

[2] This brings us to the main and only question in this case.  From the date of the service of the garnishment to the date of the rendition of judgment in the inferior court did appellant have against Brawley any claim which he could, or which he did, offset against the claim for wages earned by Brawley during this period of time?  This is a question of intention between Brawley and appellant.  We are constrained to hold that the lower court reached a correct conclusion upon the facts of this particular case.  When we take into consideration the conduct of appellant, his admission that he continued to pay Brawley $10 per week; that this amount was required by Brawley for living expenses; that these payments were made in the face of Brawley's threat to leave the employment of appellant if they were not paid, we are forced to find as a fact that there was an implied agreement, between Brawley and the appellant, that the amount due appellant by Brawley was not to be offset against the wages earned by Brawley, to the extent of at least $10 per week, during the period under discussion. Hall v. Magee & Reid, 27 Ala. 414; Archer v. People's Savings Bank, 88 Ala. 249, 7 South. 53; Stephens v. Cox, 124 Ala. 448, 26 South. 981.

Let the judgment be affirmed.

Affirmed.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes