## SHEPPARD, ET AL. v. BUFORD.

1. When a garnishee answers that he has received a notice of the assignment or transfer of the debt in respect to which the garnishment issues, from a person residing without the State, the Court should order publication for six months, before proceeding to consider the validity of the assignment: and if the Court decide that the assignee is properly before it, without publication, or the personal service of notice, the appearance of an attorney subsequently, for the assignee will not cure the irregularity.

### Sheppard, et al. v. Buford.

2. J. B. the plaintiff in a judgment against E. S. obtained judgment upon garnishment against sundry persons who had become indebted to the latter, by having their accounts due W. P. S. transferred to E. S. in consideration of a note made by W. W., which E. S. assigned to W. P. S: *Held*—that if the plaintiff, prosecuted his garnishments with a knowledge of the circumstances under which E. S. became the proprietor of the accounts due W. P. S., or, i$_f$ after having acquired such knowledge he attempted to coerce a collection o$_f$ the judgment against the garnishees, he impliedly admitted the validity of the transaction between E. S. and W. P. S. and could not proceed against W. W. to condemn the sum due upon his note.

Writ of error to the Circuit Court of Barbour.

THE defendant in error recovered a judgment against Lore and Edmund Sheppard, and caused the latter to be arrested on a *ca. sa.* who discharged himself by rendering a schedule of his estate and taking the insolvent oath. Wm. Wellborn was summoned as a garnishee upon the supposition that he was indebted to Edmund Sheppard, and answers, that the latter had recovered a judgment against him, but he had been notified that it was transferred to Wm. P. Sheppard, before the service of the garnishment. An original and *alias* notice were issued under the order of the Court, requiring the assignee of the judgment to contest with the plaintiff in execution the validity of the assignment : neither of these notices were served on the assignee, and although it was shown that he resided without this State, the Court adjudged that two returns of *non est inventus* were equivalent to service, and that he was properly in Court. Thereupon the counsel of the assignee excepted. Under the direction of the Court an issue was formed and submitted to the jury. In addition to the foregoing facts, it was proved on the trial, that Wm. P. Sheppard being about to leave the State, transferred to E. Sheppard accounts due him for professional services as a physician, amounting to twenty-four hundred and seventy dollars, in consideration of the assignment of the judgment against Wellborn to him, (W. P. S.) That the plaintiff in execution, before E. Sheppard was arrested on the *ca. sa.*, was informed of the transfer of the note on which the judgment against Wellborn was recovered, and the assignment of the medical accounts as an equivalent. Some few weeks previous to the trial, he caused garnishments to be issued to some of the per-

sons mentioned in the schedule of E. Sheppard, as being in-
debted to him on the accounts assigned by W. P. S., and had
obtained judgment against some of them as the debtors of
E. S.

It appeared that the plaintiff was then for the first time in-
formed that the schedule of E. S. embraced any part of the
accounts transferred him by W. P. S; and he then proposed
to release all right to such accounts, and discharge all judg-
ments in his favor founded thereon, if any, which the Court
permitted. *Further*—the plaintiff in execution offered to in-
troduce testimony that the assignment of the judgment by E.
S. to W. P. S. was in bad faith; to all which the assignee ob-
jected, but his objection was overruled, and he thereupon ex-
cepted.

1. The assignee then prayed the Court to charge the jury,
that if they believed from the evidence, that the plaintiff with
a knowledge of the transaction between E. S. and W. P. S. in
respect to the debt due by Wellborn, had recovered judgment
against the debtors on the accounts assigned by W. P. and E.
S., that would be an affirmance of the transfer of the debt
owing by the garnishee, and they must under such circumstan-
ces find for the assignee. Which charge the Court gave.

*Further*—if they should believe from the evidence, that
the plaintiff with a knowledge of the transfer of the demand
upon Wellborn, by E. S. to W. P. S. had attempted to control
the collection of the books of account assigned by the latter to
the former, as the effects of E. S. that then he will have affirm-
ed the transfer, and cannot disavow his acts, by relinquishing
the right thus acquired against the debtors in those accounts.
The Court refused to give this charge, but instructed the jury,
that if the plaintiff controlled the debts assigned by W. P. to
E. S. without a knowledge that the latter became the proprie-
tor of them, in consideration of the transfer by him of the
debt due by Wellborn, he would not be estopped from deny-
ing the validity of the transfer : if, however, he had a knowl-
edge of the consideration passing from W. P. to E. S., accept-
ed of and controlled the same, he would be estopped. To
all which the assignee excepted; and his bill of exceptions,
presenting the legal questions arising upon the foregoing facts
has been signed, sealed and certified to this Court. The jury

returned a verdict for the plaintiff in execution, and judgment was rendered thereon.

P. T. SAYRE, for the plaintiff in error.

J. BUFORD, for the defendant.

COLLIER, C. J.—The act of 1840 provides, that when a garnishee answers that he "has received notice of the assignment or transfer of the debt or property in respect to which the garnishment is issued, the Court shall not render judgment against the garnishee, but shall suspend proceedings until the validity of the assignment is litigated. And in order that the question may be tried, it is directed that a notice issue to the party to whom the assignment or transfer is alledged to have been made, which "shall be served at least five days before the matter shall be heard." "If the question shall be determined against the party claiming such debt or property, so alledged to be transferred, then the Court shall render judgment final against the garnishee, reserving to said garnishee, his expenses as is now provided for by law ; and also reserving to the said garnishee, and to all the parties contesting said question the right of appeal or writ of error." *Further*—" If two notices shall issue to the party alledged to be the assignee or transferree of any such debt or property, and the same shall not be returned *not found*, then the Court before which said garnishment is pending, shall proceed to render such judgment as is right in the matter, having due regard to the laws regulating assignments, and judicial or original attachments." *Lastly*—"In case the party who shall be alledged to be the assignee or transferree of the debt or property embraced in the garnishee's answer is a nonresident, then the Court shall order publication for six months, before proceeding to consider the question litigated between the parties." [Clay's Dig. 63, § 39, 40, 41 ; 64, § 45.]

The effect of the provision which authorizes the Court to proceed against the garnishee and assignee, when two notices have been returned not found, is limited by the subsequent section, which requires publication to be made for six months, when the assignee or transferree is a non-resident. In the case at bar, the assignee was a non-resident, and it was not competent for the Court, upon the return of the notices unexe-

cuted, to direct an issue to be made up between him and the plaintiff in execution, and thus litigate and determine his rights. This irregularity was not cured by the subsequent appearance of the assignee, by an attorney. This though a voluntary act, could not expurgate an error which coerced the assignee to such a course.

In Butler & Alford v. O'Brien, (5 Ala. Rep. 316,) it was decided that if a creditor receives of his debtor a note, which a third person gave to the latter on the purchase of goods, if the creditor was cognizant of the consideration of the note, when he became its proprietor, or retained it as his own, after he acquired such knowledge; in neither case will he be allowed to show that the sale of the goods was fraudulent, with the view of subjecting them to the payment of his debt. The principle of the case cited, is strikingly applicable to the case before us, and very clearly shows, that if the plaintiff in execution, with a knowledge that E. Sheppard became the proprietor of accounts due by sundry persons, under a transfer by W. P. Sheppard, in consideration of the assignment of a debt due by Wellborn to the former, obtained judgment against the persons by whom those accounts were due, as the debtor of E. S., he cannot be permitted to insist that the assignment of Wellborn's debt was fraudulent. So if he recovered such judgments without a knowledge, that the persons against whom they were rendered, became the debtors of E. S. by assignment of W. P. S. as an equivalent for Wellborn's debt, he should upon being informed thereof, relinquish the judgment, or offer to do so, if he would charge Wellborn as the debtor of E. S.

The first charge given, was such as the assignee prayed, and is unobjectionable in itself. The second charge asked, supposed that a knowledge of the transfer of the demand against Wellborn, although the plaintiff in execution knew nothing of the accounts being transferred as equivalent therefor, would make the garnishment of the persons by whom those accounts were due, or the debtors of E. S., equivalent to a confirmation or approval by the plaintiff in execution of the transaction between E. S. and W. P. S., and estop the plaintiff from showing that it was fraudulent. This instruction was properly refused; because it considered as unimpor-

JUNE TERM, 1844.　　　✦　95

tant a knowledge of the circumstances under which E. S. became the proprietor of the accounts.

The last charge given was strictly correct, and expressed in terms of marked accuracy, the law as we have laid it down.

But upon the first point raised, we have seen that the Court misapprehended the law, in adjudging that the return of two notices not found, was equivalent to personal service, on a *non-resident* assignee.

The judgment is consequently reversed, and the cause remanded.