# PRICE vs. MASTERSON'S EXECUTOR.

[GARNISHMENT ON JUDGMENT—CONTESTATION OF ANSWER.]

1. *Liability of trustee as garnishee.*—When a garnishment is served upon a trustee, having funds in his hands under a deed of trust or mortgage with power of sale, (Code, § 2523,) if the deed of mortgage is valid, the attaching creditor can only subject the surplus remaining in the hands of the garnishee after the execution of the trust; if the deed or mortgage is fraudulent and void as to creditors, in consequence of an actual intention on the part of the grantor to hinder, delay or defraud them, the garnishee may nevertheless retain for a *bona-fide* debt due to himself, unless he accepted the trust with knowledge of the grantor's fraudulent intention; but, if he had knowledge of such fraudulent intention when he accepted the trust, he cannot retain for a *bona-fide* debt due to himself, although he will still be entitled to protection so far as he had acted in good faith in the execution of the trust before the service of the garnishment.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THE appellee in this case, having obtained a judgment, as the executor of Hugh Masterson, deceased, against C. W. Bostwick, on the 9th November, 1854, for $830 50, and having sued out an execution thereon, which was returned "no property found," made the statutory affidavit for process of garnishment, and had the appellant summoned as the debtor of said Bostwick. The garnishee appeared in answer to the summons, and denied that he was indebted to Bostwick, or that he had in his possession any property or effects belonging to Bostwick. The plaintiff denied the truth of this answer, on oath, in open court, and filed the following statement:

"The said plaintiff comes, by his attorney, and suggests to the court here, that the answer of said garnishee is untrue, in this: that said garnishee is, and at the time of his summons and answer was, indebted in the sum of $5,000, and has, and had, moneys, property and effects of said Charles H. Bostwick in his hands, liable to satisfy his debts, of the value of $3,000. And the said plaintiff, by leave of the court, further saith, that at the time of the

service of his garnishment in this cause upon the said garnishee, and at the time when said garnishee filed his answer in this cause, he (the said garnishee) was indebted to the said C. H. Bostwick in the sum of $10,000, proceeds of certain property of said Bostwick which was embraced in his deed of mortgage, dated the 20th July, 1854, and the inventory thereto appended, (which mortgage and inventory are hereto appended as part of this allegation;) and that said garnishee also had, at the time aforesaid, property of the value of $5,000, a portion of the same property embraced by the mortgage deed aforesaid, or so intended to be; which mortgage was made by said Bostwick when he was, and said garnishee knew him to be, entirely insolvent; conveyed the mortgagor's entire stock in trade, and all his property and effects; and was also made by him, and accepted by said garnishee, with intent to hinder, delay and defraud creditors of said Bostwick, whereof this plaintiff, as executor as aforesaid, [was] at the time of the making of said mortgage, and still is one."

To this statement the garnishee filed the following pleas: 1. "The garnishee says, as to the second count of plaintiff's statement, that the debts mentioned and secured in said deed named and exhibited in said count, were *bona-fide* debts; and that said garnishee, before the service of said garnishment, (said debts remaining wholly unpaid,) sold the property conveyed by the deed, for its value, to *bona-fide* purchasers, under and in pursuance of the deed; and that before the service of the garnishment, the money was realized by such sales, and applied to garnishee's debts aforesaid; and that said money was not of sufficient amount, nor was the property conveyed of sufficient value, to pay in full said debts of garnishee." 2. "And for further plea to said second count, garnishee says, that the debts secured in the deed mentioned in said count were *bona-fide* debts, justly due to this garnishee at the time of the service of the garnishment, without any fraud."

The plaintiff demurred to each of these pleas, on the following specified grounds: to the 1st, because it was double, because the validity of the deed was not a neces-

sary consequence of the *bona fiides* of the debts, and be-
cause the fact that the property was disposed of before
the service of the garnishment was no answer to the
plaintiff's statement; and to the 2d, because the alleged
*bona fides* of the debts was no answer to the plaintiff's
statement, because said plea did not deny the allegation.
that the deed was made and accepted to defraud the cred-
itors of Bostwick, and because it was no answer to the
plaintiff's statement. The court sustained the demurrer
to each plea, and the garnishee then took issue on the
plaintiff's statement.

On the trial, as the bill of exceptions shows, the plain-
tiff read in evidence the garnishee's answer in another
case, in which he was summoned as the debtor of Bostwick,
in the following words : " Garnishee says, that on the
20th July, 1854, said C. H. Bostwick was indebted to him
in the sum of $6,407 96, to become due and payable from
time to time, from said 20th July to the 10th and 13th
March, 1855, when the last note was due and payable;
that on said 20th July, 1854, said Bostwick executed to
him a mortgage on his entire stock in trade, to secure
the payment of said sum of money, (a copy of which
mortgage is hereto attached, and prayed to be taken as
a part of this answer;) that by the terms of said mort-
gage, said garnishee is empowered to take possession of
said stock of goods, in case of default in the payment of
either of said notes, and to sell the same, either at public
or private sale, to satisfy said debt; that on the 2d Novem-
ber, 1854, $2,863 07 of said debt was past due and unpaid,
when said garnishee took possession of said stock of
goods, which are being sold by him, at private sale, as
speedily as possible ; and that the said stock of goods, in
his opinion, will not sell, either at private or at public
sale, for enough to pay his debt. Garnishee further says,
that he is not indebted to said Bostwick, nor was he at
the time of the service of said garnishment, nor since ;
that he has none of his goods or effects in his hands or
possession, except as hereinabove stated; and that he
does not know of any person or persons who is or are
indebted to said Bostwick, or has or have in his or their

hands any property or effects belonging to said Bost-
wick."

"The original mortgage was proved and given in evi-
dence by the defendant. The only payments made by
the garnishee on account of Bostwick's debts, other than
those due to the garnishee, were some small amounts due
for the rent of a store-house ; and this is the matter spoken
of in his answer. The plaintiff gave evidence, also, tending
to show that the mortgagor was in failing circumstances
when he gave the mortgage; that it embraced the bulk
of his property ; and that the garnishee knew these facts.
The existence and *bona fides* of the debts named and
secured in the mortgage were proved by the defendant,
and admitted by the plaintiff: they were antecedent debts,
computed and divided into the notes embraced and speci-
fied in the mortgage ; and the existence of the plaintiff's
debt at the time the mortgage was made was shown by
him. The garnishee gave evidence tending to show that,
before the garnishment was served upon him, but after
Bostwick had been sued by plaintiff by ordinary writ, he
had, with Bostwick's consent, taken possession of and
sold the property embraced in the mortgage, at its value,
under the terms of the mortgage; also, the amount of
such sales; and that he had applied the proceeds of such
sales, before the issue of the garnishment, to the payment
of his mortgage debt, and that they were not sufficient
to fully pay said debt.

"Thereupon, the court charged the jury, (among other
charges not excepted to,) that if Bostwick, at the time of
making the mortgage to Price, was insolvent, or in failing
circumstances, and the mortgage conveyed the bulk
(meaning thereby nearly all) of Bostwick's available prop-
erty, and Price knew of these things, and the debts were
antecedent debts,—then Price was liable to *bona-fide* cred-
itors, existing at the date of the mortgage, for the value
of the goods received by him, after deducting the expen-
ses of sale and any payments made by him on account of
Bostwick's debts to third persons; notwithstanding they
should believe that the debts secured and named in the
mortgage were *bona fide* and fairly created, and that Price,

before the issue of the garnishment, had, with Bostwick's consent, sold the property conveyed under and by virtue of the mortgage, for its full value, and had applied the proceeds to his said mortgage debts. To which charge the garnishee excepted."

The jury returned a special verdict, finding the following facts: that Bostwick was indebted to Price on the 20th July, 1854, at the date of the mortgage, and on the 2d November, 1854, when Price took possession of the goods conveyed by the mortgage; that the plaintiff's debt was created before the date of the mortgage; that Bostwick conveyed the bulk of his property to Price while insolvent, or in failing circumstances; that Price had reasonable grounds to believe these facts; that Price sold all the goods conveyed by the mortgage before the service of the garnishment; that he had received from the proceeds of the sale of the goods, when the garnishment was served, the sum of $6,652; and that the surplus proceeds remaining in his hands, over and above the amount of his own debt, was $647 93. On this verdict, "the court adjudged, that Price had in his hands, liable to this garnishment, at the time of the service thereof on the 17th May, 1856, $6,652 of the money of Bostwick;" and accordingly rendered judgment against him for $1124 86, (that being the full amount due on the plaintiff's judgment against Bostwick,) besides costs of suit.

The errors assigned in this court are, the sustaining of the demurrers to the garnishee's pleas, the charge of the court to the jury, and the rendition of judgment for the plaintiff.

R. H. SMITH, and WM. BOYLES, for appellant.—1. The attempt is to hold Price liable as the debtor of Bostwick, notwithstanding the latter owed Price more than the money in Price's hands; and the decision of the court below was, in effect, that the garnishee could not claim a set-off which he holds against his debtor. Throwing out of view the application by both the debtor and the garnishee, before the service of the garnishment, of the money held by the garnishee to the payment of his debt—

in other words, that the money had been paid away to an honest debt before the service of the garnishment—and considering the case as one of set-off merely, the garnishee's right to the set-off appears to be beyond controversy. In this aspect, the case is this: the attaching creditor says, that the garnishee is indebted to the defendant in attachment in a given amount; the garnishee admits this, but shows that, before the service of the garnishment, and at the time of his answer, the defendant was and is indebted to him in a larger amount. That a garnishment is a legal suit, and not an equitable proceeding; that it is subject to the law of set-off; that the set-off must be a legal one; and that the garnishee can only be liable on a moneyed demand, on which the defendant in attachment could have maintained debt, or *indebitatus assumpsit*,—are propositions clearly established by the following authorities: Allen v. Morgan, 1 Stewart, 9; Travis v. Tartt, 8 Ala. 574; Thomas v. Hopper, 5 Ala. 442; Lundie v. Bradford, 26 Ala. 512; Hall v. Magee & Reid, 27 Ala. 414; Self v. Kirkland, 24 Ala. 277; Loftin v. Shackelford, 17 Ala. 455; Cook v. Walthall, 20 Ala. 334; Lewis v. Dubose & Co., 29 Ala. 219. The set-off in this case is a legal one, and the debt is *bona fide*. Taking a security tainted with fraud cannot affect the debt: at most, it can only destroy the security, which is a mere incident; while the debt, which is the principal, is untouched.—Smith v. Hodson, 4 Term R. 212, cited and approved in Meredith v. Richardson & O'Neal, 10 Ala. 835. That the garnishee would have a right to retain for his debt, and that this right would be upheld even in a court of equity, see Hazard v. Franklin, 2 Ala. 351; Cummings & Cooper v. McCullough, 5 Ala. 338; Hutchins v. Sprague, 4 N. H. 469; Thomas v. Goodwin, 12 Mass. 140; Butler v. Stoddard, 7 Paige, 166; Ames v. Blunt, 5 Paige, 22. The contrary position would involve the untenable proposition, that the loss of a *bona-fide* debt can be inflicted upon a creditor by the courts of the country, as a penalty for taking a security tainted with fraud.

2. The case at bar goes further than the question of

set-off. The garnishee's debt was paid, before the garnishment was sued out, by an application of the money in his hands with the defendant's consent. The real question, then, is, whether a creditor is liable to be garnisheed for money received in payment of a *bona-fide* debt, because it was derived from a security fraudulently taken, but fairly disposed of, and the proceeds applied before the garnishment was sued out. That he would not be liable, even without payment, is shown by the authorities above cited; *a fortiori*, he would not be liable after payment. There is no rule of law which prohibits a debtor from paying, or a creditor from receiving payment of a *bona-fide* debt; nor is there any means by which the creditor can be held liable, as garnishee, for money so received, when there was no lien on the money or property from which it was derived. The remedy of the creditor in this case was to issue and levy his attachment on the goods before their sale by Price; after that, he can only go for the indebtedness, thereby necessarily ratifying the sale. The validity of the sale is the necessary stand-point of the plaintiff; and if he could abandon this ground, he would be without remedy.—Lewis v. Dubose & Co., 29 Ala. 219; Sheppard v. Buford, 7 Ala. 90. The creditor who can attack a conveyance for fraud, is one who has acquired a lien: until he has such lien, the debtor may apply the property to a *bona-fide* debt, and the creditor cannot complain.—Thomason v. Scales, 12 Ala. 313; Barringer v. Burke, 21 Ala. 771.

3. It may be questioned whether the Code authorizes a contestation of the *bona fides* of this case. Under the provisions of the Code, the garnishee must be *indebted* to, or have property belonging to the defendant, (§ 2516;) if he admits the possession of chattels of the defendant, judgment of condemnation may be had, (§ 2542;) on a contestation of his answer, a judgment of condemnation is conclusive as between him and the defendant, and the defendant may appeal, (§ 2563;) and the defendant may show that the garnishee is indebted in a larger sum than he admits, or that he holds property not admitted, (§ 2547.) All of these provisions are inconsistent with the idea,

32

that money or property can be reached which the debtor could not recover. No mode is provided by statute for trying the right of property or money with the garnishee, and the case seems to stand on the footing on which stood the case of a fraudulent transfer of the garnishee's note before the passage of the act of 1840, (Clay's Digest, 63,) which authorized the transferree to be brought in, and his right contested.—5 Stew. & P. 208 ; 9 Porter, 221 ; 2 Ala. 177 ; 9 Ala. 95 ; 12 Ala. 597. That such contestation cannot be had, in the absence of a statute authorizing it, see Baxter v. Currin, 13 Vermont, 615. Section 2523 of the Code provides for the specific case of a trustee, while the money or effects are in his hands as such, and applies only to a trust deed proper, and not to a mortgage ; at all events, it does not relate to a case after the trust has been closed.

4. No judgment could properly be rendered on the verdict, because it did not find all the facts in issue. 4 Porter, 198 ; 1 Caines' R. 60 ; 8 Cowen, 406 ; 11 Wheaton, 415 ; 2 Bailey, 623 ; 1 Ala. 52 ; 14 Penn. St. 31 ; 8 Ired. 528 ; 10 B. Monroe, 155 ; 1 Bibb, 257 ; 3 Rand. 577 ; 4 Rand. 516 ; 27 Ala. 562 ; 10 Ired. 369. The verdict should have found, that the plaintiff's debt existed at the time the mortgage was made, and that the answer was true or false ; also, what precise amount was due from Bostwick to Price, what amount of Bostwick's debts was paid by Price, and what amount was paid for rent of store, for taxes on the goods, and for clerk hire.

A. J. REQUIER, contra.—I. The demurrer to the garnishee's first plea was well sustained. That plea erroneously assumes that, granting the facts detailed in the plaintiff's statement—to-wit, that the deed was executed by the grantor when utterly insolvent, and conveyed all his property, and that the grantee was cognizant of these facts—still, if the grantee was a bona-fide creditor, and, before the service of the garnishment, sold the conveyed property to third persons, and appropriated the proceeds to the payment of his own debt, this is a sufficient answer to the statement ; in other words, that process of garnish-

ment is effectual to reach such a fraud in its initiation but is liable to be defeated by its full consummation. The cases of Cummings & Cooper v. McCullough, (5 Ala. 324, Ripley v. Severance, (6 Pick. 474,) Thomas v. Goodwin, (12 Mass. 140,) Hutchins v. Sprague, (4 N. H. 469,) and other cases cited to this point by the appellant's counsel, simply assert the familiar doctrine, that in case of a fraudulent trust, if *bona-fide* creditors, who have no knowledge of, or connection with the fraud, are paid by the trustee before the service of process at the suit of another creditor, the law will not disturb the settlement. But the distinctions between those cases and the case at bar are obvious. Here, there is no technical trustee, but simply a mortgagee, who may be charged as a trustee by creditors of the mortgagor, but cannot avail himself of that character to derive any advantage from the fraud ; a mortgagee, who, by the special verdict of the jury, was cognizant of the facts from which the fraudulent intention of the grantor is implied, and who seeks, not to be protected for the payment of *bona-fide* debts to third persons, but to be allowed to retain for a debt due to himself. The appellant, then, is either no trustee at all, or simply a trustee, by implication of law, for the single purpose of paying over the money in his hands to those who are entitled to it.

2. The demurrer to the second plea was properly sustained ; because that plea erroneously assumes, that the *bona fides* of the secured debts is a sufficient answer to the alleged fraud in the execution and acceptance of the deed. The *bona fides* of those debts, under the circumstances alleged, was wholly an immaterial inquiry.—Price v. Mazange & Co., 31 Ala. 701 ; Wiley, Banks & Co. v. Knight, 27 Ala. 347.

3. The special verdict of the jury, without the aid of intendments from the facts found, was sufficient to authorize the judgment pronounced upon it. The mortgage relied on by the garnishee was construed by this court in Price v. Mazange & Co., (31 Ala. 701;) where it was decided, that if the mortgagor was insolvent at the time of its execution, or in failing circumstances, and that fact

was known to the mortgagee, the deed was fraudulent as to the existing creditors of the former. The special verdict finds those facts to be true, and that the plaintiff's debt was due when the mortgage was executed. The mortgage, then, being fraudulent and void, the statute takes from the mortgagee the right to retain for his own debt.—Code, § 2523.

STONE, J.—It must be regarded as settled in this State, that garnishment is a legal proceeding; "and that the only moneyed demands, which can be reached by this process, are those which are of such a nature, that they might be recovered in an action of debt, or *indebitatus assumpsit.*" It has also been frequently asserted, "that the garnishee may retain for any debt which he shows to be due to himself, from the defendant in the original suit." Powell v. Sammons, 31 Ala. 552; Thomas v. Hopper, 5 Ala. 442; Travis v. Tartt, 8 Ala. 574; Walke v. McGehee, 11 Ala. 273; Loftin v. Shackleford, 17 Ala. 455; Cook v. Walthall, 20 Ala. 334; Self v. Kirkland, 24 Ala. 275; Lundie v. Bradford, 26 Ala. 512; Hall v. McGehee, 27 Ala. 414; Lewis v. Dubose, 29 Ala. 219.

In the case of Hazard v. Franklin, (2 Ala. 349,) the deed under which the garnishee received and held the funds, was fraudulent on its face; yet this court said, "so far as the trustee had, *bona fide*, disposed of the assets under the deed, previous to the service of the garnishment, he would doubtless be protected; so, also, would he be permitted to retain for a debt due himself; but, beyond these, the deed would not protect the effects of Stowe in his hands, against the claims of his creditors."

So, also, in the case of Cummings & Cooper v. McCullough, (5 Ala. 324, 338,) the court said: "The deed of assignment, though fraudulent and void as to creditors, is at least a power of attorney from Cummings to the trustee, to pay and discharge his debts, out of the effects placed in his hands for that purpose." The court added, "The trustee must, therefore, in the account, be allowed credit for all payments made to the creditors of Cummings, previous to the filing of the bill."

Of similar import are the following authorities: Thomas v. Goodwin, 12 Mass. 140; Hutchins v. Sprague, 4 N. H. 469; Ames v. Blunt, 5 Paige, 13; Butler v. Stoddard, 7 Paige, 163; Smith v. Hodson, 4 T. R. 212; Ripley v. Severance, 6 Pick. 474.

There is, also, a principle settled in this State, which bears an analogy to the question we are considering. It is this: when a creditor pursues and seeks to condemn money or a debt which is the product of a fraudulent sale, he can only claim the money as a debt, and will not be permitted to dispute the rightful change of title to the property.—Butler v. O'Brien, 5 Ala. 316; Sheppard v. Buford, 7 Ala. 90.

In the present proceeding, the issue was, whether Price was indebted to Bostwick on account of the goods transferred by Bostwick to Price, and sold by the latter. For such debt, Bostwick could have maintained indebitatus assumpsit against Price; but, in that action, Price could have defended, to the extent of Bostwick's indebtedness to him.—See the authorities *supra*. It results from these principles, that Price was not liable in this proceeding, beyond the surplus funds in his hands, unless his liability is changed by section 2523 of the Code. That section reads as follows:

"Money or effects of the defendant, in the hands of a trustee, may be attached, and held subject to the validity of the instrument creating the trust; or the excess remaining in the trustee's hands, after the execution of the trust, if valid; but, if the deed be held void, the trustee, if not guilty of actual fraud, may retain for a debt due himself, and must be protected, so far as he has acted in good faith under the trust, before the levy of the attachment."

It is contended for appellant, that this section provides for the specific case of a trustee, while the money or effects are in his hands as trustee; and applies only to the case of a trust deed, and not to a mortgage. We cannot assent to this entire proposition as stated. We hold, that it embraces a mortgage, with a power of sale, as well as a trust deed proper. The one is as much within the spirit

of the enactment as the other; and moreover, a mortgagee, with power of sale, is, for many purposes, a trustee.

We suppose that the legislature, in adopting this section of the Code, intended to accommodate the statute law of the State to the adjudged cases, as stated in a previous part of this opinion, with perhaps a slight exception. Yet, in construing the section, we must extract the sense from the language employed, rather than from the supposed intention of the law-making power. Taking the language for our guide, we hold that the words *actual fraud*, found in the section, relate to the act of accepting the trust, or being made trustee; while the words, *so far as he has acted in good faith*, relate to the execution of the trust. The provisions of the section, then, may be thus stated: Money or effects in the hands of a trustee, held under a mortgage or trust deed, may be attached in a proceeding at law. If the deed or mortgage be pronounced valid, then only the excess or surplus can be condemned. If the deed or mortgage be pronounced fraudulent, then the entire money or effects in the hands of the trustee will be condemned, with the single exception, that if the trustee is a *bona-fide* creditor, and has not been guilty of actual fraud in taking or accepting the deed, he will be allowed to retain for such debt. If the deed be fraudulent, the trustee, although guilty of actual fraud in accepting the deed, will be protected so far as he has acted in good faith in the execution of the trust.

Confining our remarks in the present case to those provisions of the statute which the controverted points in this record bring before us, it will be seen that the statute introduces a new principle into the trustee's right to retain for a debt due himself. While it secures to him this right, if he has not been guilty of actual fraud in accepting or taking upon himself the trust, by an irresistible implication, it withholds such right, even though he have an honest debt, if he has been guilty of actual fraud. It removes all doubt from his right to retain in the one case, while it positively denies the right in the other.

The true import of the words *actual fraud*, as employed in section 2523 of the Code, presents probably the most

difficult question in this case. The phrase *actual fraud* is usually employed as the antithesis of constructive fraud. Constructive frauds are those transactions which the law pronounces fraudulent and invalid, in obedience to a sound public policy, irrespective of the intention of the parties. They are pronounced fraudulent, although there does not appear any evidence of actual *mala fides*. Of this class are purchases by trustees at their own sales, (Andrews v. Hobson, 23 Ala. 219 ; Charles v. Dubose, 29 Ala. 367 ;) gifts, and conveyances on consideration not deemed valuable, as against existing debts, (Miller v. Thompson, 3 Por. 196 ; Moore v. Spence, 6 Ala. 506 ; Read v. Livingston, 3 Johns. Ch. 481 ;) contracts in general restraint of marriage, (1 Story's Eq. Jur. §§ 258-291 ;) contracts in general restraint of trade, (*Ib.* § 292 ;) and bargains between those who sustain a fiduciary relation towards each other, such as guardian and ward, attorney and client, trustee and *cestui que trust*, &c—*Ib.* §§ 307, *et seq.*

The language of section 2523 of the Code shows, that its provisions were intended to apply to mortgages, assignments, and trust deeds, made ostensibly to secure debts ; and the enumeration given above of the leading classes of cases which come within the doctrine of constructive fraud, clearly shows that that doctrine can never arise in the contests for which section 2523 makes provision. Hence we hold, that the phrase *actual fraud*, in this section, is not used as the antithesis of constructive fraud.

Fraud of which creditors can complain, and from which they can obtain relief under section 2523 of the Code, is perpetrated in conveyances " made with intent to hinder, delay or defraud creditors," &c., according to section 1554 of the Code ; and probably, those which come within sections 1550 and 1555 of the Code. These are not of the class called constructive frauds. Under a classification into actual, or positive, and constructive frauds, they fall under the former class.

Coming, then, to the conclusion, that no question on the doctrine of constructive fraud can be presented, in any contest for which section 2523 of the Code makes

provision, if we give to the language *actual fraud* its accustomed meaning, we may well inquire, what field of operation is left to that branch of the section? Only actual fraud can invalidate and avoid a deed of trust, mortgage, or assignment, made to secure creditors. It is not enough that the grantor or maker of the instrument, the debts being *bona fide*, executed it with intent to hinder, delay or defraud his creditors. The grantee or beneficiary must have knowledge that such was the intention of the maker, and thus complicate himself in the fraud; else the instrument will be valid in law.—See Abercrombie v. Bradford, *supra*. Having such knowledge, notwithstanding the debts be *bona fide*, the grantee, equally with the grantor, is guilty of the fraudulent intent in law, and the instrument is inoperative against creditors, because of actual fraud.

The statute clearly contemplates, that cases may arise in which the deed of trust, mortgage, or assignment, though made to secure *bona-fide* creditors, will be pronounced void, because the same is made with intent to hinder, delay or defraud creditors; and yet the trustee, though a beneficiary, be guiltless of the *actual fraud* which would deny to him the right to retain for his own debt.

In the case of Wiley, Banks & Co. v. Knight, (27 Ala. 336, 348,) our predecessors, in speaking of the mortgage in that case, said—" The arrangement is, as a conclusion of law, fraudulent and void, as it operates a fraud on the other creditors; and whether the parties actually intended to defraud or not, is wholly an immaterial inquiry." This case is an authority for distinguishing between those conveyances which are pronounced actually fraudulent, by legal intendment from certain facts and premises, and a positive intention to hinder, delay or defraud creditors. The one is a conclusion of law, indulged and acted on in promotion of a sound public policy, and may be free from all taint of corrupt design. The other is a fact, to be found as other facts are found.—Montgomery v. Kirksey, 26 Ala. 172, 185.

The language *actual fraud*, in this section, means intentional fraud; an actual as contradistinguished from

an implied intention, to hinder, delay or defraud.    When this is the case, the trustee is not permitted to retain for a debt due himself.

In passing upon an issue, such as is presented in this record, the trying body should first inquire, whether the conveyance was made with intent to hinder, delay or defraud the attaching creditor or creditors.—See Mazange v. Price, 31 Ala. 701; Hooks v. Anderson, 9 Ala. 704; Abercrombie v. Bradford, 16 Ala. 560.   Finding the conveyance to be fraudulent, the next inquiry will be, was the trustee guilty of actual fraud in taking upon himself the trust, in the sense in which we have ascertained those words were employed?   Was he guilty of intentional fraud?

Several rulings of the city court are inconsistent with the principles declared above.   We need not stop to particularize them. , We have sufficiently indicated our construction of section 2523 of the Code, to furnish to the city court a guide for a future trial.

The judgment of the city court is reversed, and the cause remanded.