## LIGHTFOOT vs. RUPERT & McCLELLAND.

[ GARNISHMENT ON JUDGMENT. ]

1. *Liability of trustee as garnishee.*—Where the answer of a garnishee states, that he is the trustee in a deed of trust executed by the defend-

ant,—the validity of which is not assailed for fraud, and which provides for the conversion of the assets into money, the payment of certain preferred creditors, and the distribution of the residue among all the other creditors equally; that he has paid the preferred debts, and that the balance remaining in his hands is not sufficient to satisfy in full the unpreferred debts,—no judgment can be rendered against him on the answer, although he does not specify the names of any of the unpaid creditors.

APPEAL from the Circuit Court of Coosa.
Tried before the Hon. PORTER KING.

THE appellees in this case obtained a judgment against G. Stringer & Co., on the 16th April, 1850, and, on the 16th October. 1852, summoned the appellant, by process of garnishment, as the debtor of said Stringer & Co. The garnishee appeared, and filed a written answer on the 21st April, 1853, in the following words: "Said G. Stringer & Co. made a deed of trust, on the 31st January, 1848, to this respondent and W. S. Kyle as trustees,. which was duly acknowledged, recorded," &c., and a copy of which was made an exhibit to his answer. "Respondent states, that unless, in judgment of law, he is indebted to said Stringer & Co. on the facts growing out of said deed, and on the legal construction of said deed, then he is not indebted to said Stringer & Co.," &c. " Said deed shows all that respondent ever received from said Stringer & Co., and in what it consisted; and aside from it respondent has nothing of theirs in his hands. Said deed was destroyed by fire, in June, 1852, together with all the notes which had been paid off, and the cash book kept by the person who was employed to keep the accounts; and respondent is therefore unable to state an account-current between himself and said trust fund. The funds collected by respondent under said deed, to the amount of some four or five thousand dollars, according to the best of his recollection, were applied to the payment of the creditors preferred in said deed before the service of the garnishment in this case; but, since that time, he has paid out nothing to any one, and has held all the means he then had in hand subject

to the judgment of the court. After paying the preferred creditors, respondent applied the funds, *pro rata*, to the payment of the general creditors not preferred in the deed. This was done, as the means were realized, until the service of the garnishment. The general indebtedness of said Stringer & Co., not preferred in the deed, amounts to about ten thousand dollars ; and some of them are now claiming their distributive share of the fund. William Douglass & Co., of Wetumpka, have a debt of about seventeen hundred dollars, on which they claim their *pro-rata* share. In executing the trust, selling the goods, and collecting the debts, the trustees were compelled to incur expenses, which respondent claims a right to retain, together with a reasonable compensation for his trouble. The means in his hands, after allowing his expenses as stated, will not exceed seven hundred dollors ; and this balance, when collected, respondent will hold ready to apply as the court may direct," &c.

At the spring term, 1856, a citation was ordered to William Douglass & Co., to appear and contest with the plaintiffs their right to the funds in the hands of the garnishee ; but the record does not show that they ever appeared. At the September term, 1858, the garnishee filed the following supplemental answer : "The amount of assets conveyed to respondent by said deed of trust, and now in his hands, with interest thereon, is about seventeen hundred dollars ; of which amount, about five hundred and forty dollars, including interest, is a debt due from his co-trustee, W. S. Kyle, or rather from his estate, a part of which was due at the execution of said deed, and the balance has been contracted since ; none of which has ever been received by garnishee, and for which he insists he is not liable. Respondent is also entitled to a credit, for his individual services and expenses in the execution of said trust, of three hundred and six dollars ; which leaves the sum of eight hundred and fifty-four dollars now in his hands. There are still outstanding against said Stringer & Co. about $9,773, on which nothing has been paid. These were all debts ex-

isting at the execution of said deed, and $7,132 28 of the same is now in judgment against said defendants. Respondent submits to the court, whether said money is subject to this garnishment, or to be distributed among said creditors."

The court rendered judgment against the garnishee, for eight hundred and fifty-four dollars; to which he excepted, and which he now assigns as error.

L. E. PARSONS, for appellant.

N. S. GRAHAM, *contra.*

A. J. WALKER, C. J.—The deed of trust, which is not assailed for fraud, vested in the trustee the assets conveyed, for the purposes therein specified. Those purposes were, the conversion of the assets into money, and the payment first of certain preferred creditors, and afterwards the distribution of the balance among the creditors generally. The answer of the garnishee shows, that the preferred debts have been paid, that a balance remains in his hands, and that it is insufficient to satisfy the unpreferred creditors of the grantor. The purposes, therefore, for which the trust was created, were not accomplished; and after the execution of the trust, there neither is, nor will be, a surplus in the hands of the trustee. The trustee is, therefore, not indebted to the plaintiffs' judgment debtor in any sum which could be recovered by action at law, and no judgment could properly be rendered against him as a garnishee. *Price v. Masterson,* 35 Ala. 483.

If the answer is objectionable, on account of its failure to disclose the names of the creditors who were to be paid from the trust fund, it was no reason why a judgment against the garnishee should be rendered on the answer. Before a judgment can be rendered on an answer, there must be a distinct admission of a debt due, or to become due.—*Price v. Thompson,* 11 Ala. 875 ; *Powell v. Sammons,* 31 Ala. 552. The answer here contains no such admission.

Reversed and remanded.