## GODDEN vs. PIERSON, GARNISHEE.

[ATTACHMENT BY GARNISHMENT.]

1. *Garnishment ; contest over garnishee's answer.*—The plaintiff in attachment by garnishment, will not be permitted to affirm, in controverting the truth of the garnishee's answer, the validity of the sale of certain property by the defendant to the garnishee, in order to subject him to the payment of the purchase-money therefor, and at the same time attack the sale for fraud.

2. *Same ; what property may be reached by.*—The legal rights only, of the defendant in attachment, can be reached by process of garnishment ; such monied demands, as might be recovered, in an action of debt, or *indebtitatus assumpsit ;* and also, such property as would be liable to seizure and sale, under execution, against defendant.

3. *Same ; garnishee's answer as evidence.*—When the answer of a garnishee is offered in evidence by the plaintiff, for the purpose of contradicting the statements of the garnishee, made as a witness on cross-examination, the garnishee is entitled to have the whole of his answer read to the jury.

4. *Evidence ; witness allowed to refresh his memory from written memoranda.* A witness may refresh his memory by referring to written memoranda, before answering questions, calling for the amount of his purchases and sales as a merchant.

5. *Statute of frauds.*—E. signed a note, as the surety of B., in consideration of a verbal promise made to him by P., who was afterwards garnisheed as a debtor of B., that if he, E. would sign the note, he, P., would pay it. This promise was made *before* the service of the garnishment upon P., and pursuant to the promise, P. paid a part of the note *after* the service, and subsequently accounted to E. for the balance of the note,—*held*, that the promise was not within the statute of frauds, and that independently of this, the statute of frauds does not prevent the voluntary execution by the parties, of a contract, within its provisions, nor annul it when executed.

APPEAL from the Circuit Court of Perry.
Tried before Hon. JOHN MOORE.

The facts of this case are stated in the opinion of the court.

MOORE and LOCKETT, for appellant.
JOHN F. VARY, *contra.*

JUDGE, J.—1. In making up the issue on the contest of the truth of the answer of the garnishee, three distinct allegations were made by the plaintiff below, (now the appellant,) relating to the one hundred bales of cotton which the garnishee stated, in his answer, had been purchased by him of Andrew J. Brazelton, the defendant in attachment; which allegations are as follows:

"1st. He alleges that said David A. Pierson purchased of Andrew J. Brazelton one hundred bales of cotton, at the price of ten thousand and thirty-five 50-100 dollars, in July, 1865; and that on the first day of March, 1866, said Pierson still owed said Brazelton for said cotton."

"6th. He further alleges, that the purchase of the one hundred bales of cotton named in the answer, was made with the intent to hinder, defraud, and delay the creditors of said Brazelton."

"7th. He further alleges, that the proceeds of the one hundred bales of cotton was used by the said Pierson with the intent to hinder, defraud and delay the creditors of Brazelton."

A demurrer was interposed by the defendant to each of the 6th and 7th allegations above copied, which demurrer was sustained by the court, and we think rightfully, for the following reasons:

1. The plaintiff had affirmed the validity of the sale of the one hundred bales of cotton, by seeking in his first allegation copied above, to subject the defendant to the payment of the purchase-money therefor. He could not be permitted to do this, and at the same time attack the defendant; for "when a creditor pursues and seeks to condemn money or a debt, which is the product of a fraudulent sale, he can only claim the money as a debt, and will not be permitted to dispute the rightful change of title to the property."—*Price v. Masterson's Executor*, 35 Ala. 493. See, also, *Butler v. O'Brien*, 5 Ala. 316; *Shepherd v. Buford*, 7 Ala. 90.

2. The legal rights only, of the defendant in attachment can be reached by process of garnishment; that is, such monied demands as might be recovered in an action of debt, or *indebitatus assumpsit*, and also, such property as

would be liable to seizure and sale under execution, against the defendant, if the sheriff could get possession of it. *Roby v. Labuzan*, 21 Ala. 60; *Price v. Masterson's Executors, supra*; *Nesbit v. Ware & McClanahan*, 30 Ala. 68. Neither of the allegations to which the demurrer was sustained, presented a state of facts which would authorize the process of garnishment, under the rules mentioned. If it were permissible to attack the sale for fraud, with a view to reach and condemn *the property*, and at the same time to seek a condemnation of the proceeds of the sale, still the 7th allegation is defective in not averring that the defendant had the possession of the cotton under the alleged fraudulent sale, at the time of the service of the process of garnishment upon him.

The several allegations of the plaintiff not demurred to, and on which issues were joined and the trial had, seem to us to have been amply sufficient to present every question of liability of the garnishee which was properly the subject of garnishment; consequently, if there had been error in the rulings of the court on the demurrers, we can not perceive how appellant could have been injured by it.

2. The declarations of Brazelton, as testified to by the witness Catlin, were not competent evidence against the defendant, unless he had been connected therewith. This the plaintiff sought to do, but failed in the attempt; and the court rightfully excluded the declarations.

3. The defendant Pierson was introduced and examined as a witness in his own behalf. While on cross examination, several separate and distinct portions of his answer as garnishee in the cause, were read to him, with the view of contradicting his statements as a witness. After the defendant had closed his testimony, the plaintiff proposed to read to the jury as evidence, for the purpose of contradicting the defendant as a witness, those portions of his answer, only, which had been read to him on his cross examination. To this the defendant objected, and insisted that the entire answer should go to the jury, if any portion was admitted. The court sustained the objection, "but stated to the plaintiff's counsel that he would instruct the jury that they could only look to the answer for the pur-

pose of contradicting the defendant as a witness, and that it would not be evidence for any other purpose ; but that for that purpose, they might look to the entire answer, and were not confined to the particular parts read by plaintiff's counsel. Plaintiff's counsel thereupon introduced the said answer, and the jury were instructed as stated by the court. To all of which action and ruling of the court, plaintiff, by his counsel, excepted."

When an answer in chancery is given in evidence in a court of law, the party is entitled to have *the whole* of his answer read ; " for it is read as the sense of the party himself, which must be taken entire and unbroken."—1 Starkie on Evidence, part 2, m. p. 291 ; *Lawrence v. Ocean Insurance Company*, 11 John. 269. We can perceive no good reason why the same rule should not be applied, when the answer of a garnishee is offered in evidence by the plaintiff on a contest of the garnishee's answer. Manifest injustice might be perpetrated if the plaintiff, in such case, were allowed to select and cull from the answer, in order to suit a purpose. It results that there was no error in the ruling of the court upon this question.

4. While the defendant was being examined as a witness, before answering questions calling for the amount of his purchases, and sales, as a merchant, " at and up to certain dates," and " many other questions of like kind," the witness would look, before answering, at memoranda thereof which he held in his hands ;" and "plaintiff's counsel objected to the witness looking at said memoranda before answering each question." The witness thereupon informed the court, " that the memoranda at which he looked, was taken by him from his books, and contained the exact amounts." The court thereupon stated to the witness, " that he could only look at said memoranda to refresh his recollection, and that he must testify from his recollection, and not from the memoranda, which the witness stated he did ;" and the court " thereupon overruled the objection of the plaintiff, and permitted the witness to look at his memoranda for the purpose of refreshing his recollection, as each question of that character was propounded, and before answering it, to which plaintiff excepted." The ruling of

the court upon this question, was in conformity to what we conceive the well settled law to be.—*Evans v. Bolling*, 8 Porter, 546 ; 1 Greenleaf on Evidence, §§ 436, 437.

5. A witness for the plaintiff, (one Evans,) testified, that in December, 1865, he signed a note, payable to one Lamkin, for one thousand dollars, as the surety of Brazelton, the defendant in attachment ; and that he signed the note in consideration of a verbal promise, made to him by the defendant beforehand, that if he would do so, he, the defendant, would pay it. The promise was made by the defendant *before* the service upon him of the garnishment ; and pursuant to the promise, he paid a portion of the note, *after* the service, and the witness Evans paid the balance ; and subsequently, the defendant accounted to Evans for the portion of the note Evans had paid.

It was contended by the plaintiff, that the promise of defendant to Evans being verbal, was within the meaning of the statute of frauds, a " promise, or undertaking, to answer for the debt, default, or miscarriage of another," and therefore void ; and that the defendant was not entitled to a credit for the payment made by him for Brazelton, pursuant to said promise, the payment having been made subsequent to the service of the process of garnishment. The court ruled otherwise, in its action on the admissibility of evidence to prove the transaction, and also in its charge to the jury. That the promise in question is not within the statute of frauds, has, we think, been clearly settled by the previous decisions of this court.—*Mason v. Hall*, 30 Ala. 599, and cases there cited. But independent of this, we understand it to be clearly the law, that the statute of frauds does not prevent the *voluntary* execution of a contract within its provisions, by the parties, nor annul it when executed.—*Sawyer v. Ware*, 36 Ala. 675.

Judgment affirmed.